UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIM L. DRAYTON,

    Plaintiff,

v.                                  Case No:   3:16-cv-986-J-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.[1]

## OPINION AND ORDER

Plaintiff, Kim L. Drayton, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill is substituted as the defendant in this case.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, she will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB and an application for SSI on November 8, 2012. (Tr. 231-33, 234-39). In both applications, Plaintiff alleged a disability onset date of July 21, 2009. (Tr. 231-33, 234-39). Plaintiff's applications were denied initially on February 7, 2013, and upon reconsideration on March 28, 2013. (Tr. 152-56, 157-62, 167-71, 173-77). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") K. Barlow on March 31, 2015. (Tr. 51-81). On April 27, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 26-44). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on June 1, 2016. (Tr. 1-7). Plaintiff initiated the instant action by Complaint (Doc. 1) on August 3, 2016. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 21, 2009, the alleged onset date. (Tr. 31). At step two, the

ALJ found that Plaintiff had the following severe impairments: a history of breast cancer, status post revision, a history of neuropathy, osteoporosis, depression, and anxiety. (Tr. 32). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 32).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasional climbing and requires the ability to change positions at will, performing her work from both a seated and a standing position. She must avoid exposure to concentrated vibrations and/or hazards; avoid jobs requiring overhead reaching; and, she is further limited to simple, routine tasks.

(Tr. 33). At step four, the ALJ found that Plaintiff was not capable of performing past relevant work. (Tr. 35).

At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform considering her age, education, work experience, and RFC. (Tr. 38). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform the jobs of "routing clerk," "marker," and "cashier II." (Tr. 38).

The ALJ concluded that Plaintiff was not under a disability at any time from July 21, 2009, the alleged onset date, through April 27, 2015, the date of the decision. (Tr. 39).

**II.   Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to find that Plaintiff met Listing 12.04; and (2) whether substantial evidence supports the ALJ's evaluation of Plaintiff's mental RFC. The Court will address each issue in turn.

**A) Whether the ALJ erred by failing to find that Plaintiff met Listing 12.04.**

To meet Listing 12.04, entitled "Depressive, bipolar and related disorders," a claimant must meet the criteria set forth in Paragraphs A and B or C of the listing. 20 C.F.R. pt. 404, subpt. P., app. 1, § 12.04. Paragraph A of each listing identifies symptoms commonly associated with such disorders, and requires the claimant to provide medically documented findings of one or more of the listed symptoms. *Id.* § 12.04A. To satisfy 12.04A, a claimant must provide medical documentation of depressive disorder or bipolar disorder. *Id.* § 12.04A. To satisfy the criteria of paragraph B, a claimant's mental impairments must result in at least two of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence and pace; or repeated episodes of decompensation, each of an extended duration. *Id.* § 12.04B.

Plaintiff contends that the medial records shows that the requirements of paragraph A and B of Listing 12.04 are satisfied. (Doc. 21 p. 8-12). Specifically, Plaintiff contends that the opinion of Alan Dubro, Ph.D., establishes that Plaintiff met three of the paragraph B criteria. (Doc. 21 p. 8). Plaintiff contends that the ALJ erred by according "little weight" to Dr. Dubro's opinion and, if the ALJ properly weighed Dr. Dubro's opinion, substantial evidence would support the finding that she meets Listing 12.04. (Doc. 21 p. 8-12). In response, Defendant argues that the ALJ properly found that Plaintiff failed to prove that she met or equaled Listing 12.04. (Doc. 22 p. 14).

In his decision, the ALJ found that Plaintiff had mild restrictions in her daily activities; mild restrictions in social functioning; moderate restrictions in concentration, persistence, and pace; and no episodes of decompensation. (Tr. 32). The ALJ explained that "[b]ecause the claimant's mental impairment does not cause at least two 'marked' limitations or one 'marked'

limitation and 'repeated' episodes of decompensation, each of extended duration, the 'paragraph B' criteria are not satisfied." (Tr. 32).

Here, the Court finds no error in the ALJ's finding that Plaintiff did not meet Listing 12.04 as Plaintiff has failed to carry her burden of establishing she met the listing. In her brief, Plaintiff argues that if the ALJ had properly weighed Dr. Dubro's opinion he would have been compelled to find that Plaintiff met Listing 12.04. The ALJ, however, considered the consultative opinion of Dr. Dubro and properly gave it little weight because it was inconsistent with Dr. Dubro's own exam, Plaintiff's mental exams throughout the period, and Plaintiff's conservative treatment history. (Tr. 35-36).

When determining the weight to give a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. §§ 404.1527(c), 419.627(c). While a treating physician's opinion is entitled to special deference and the ALJ must provide good reasons for the giving less weight to the opinion, a non-treating physician's opinion is not entitled any special deference and the ALJ has no duty to provide good reasons for the weight given to the opinion. *See* 20 C.F.R. §§ 404.1502, 404.1527(c)(1), (2), 416.902, 416.927(c)(1), (2); *Crawford*, 363 F.3d at 1160; *Shaw v. Astrue*, 392 F. App'x 684, 686-87 (11th Cir. 2010) (finding an ALJ's failure to mention every finding in a consultative opinion was harmless error).

Although Dr. Dubro's opinion was not entitled to any special deference, the ALJ examined the opinion, noting that Dr. Dubro conducted a consultative psychological evaluation in December 2012. (Tr. 35, 462-67). During the evaluation, Plaintiff voiced anxiety secondary to her cancer

diagnosis and lack of health insurance. (Tr. 462-63). Dr. Dubro observed that Plaintiff "presented in a depressed, anxious mood with a slouched posture and slowed motor behavior" and did not speak spontaneously. (Tr. 464). On exam, Plaintiff was cooperative, adequately groomed, and exhibited limitations in concentration and ability to perform simple calculations. (Tr. 464-65). Following the exam, Dr. Dubro opined Plaintiff had extreme limitations included marked limitations in concentration, marked difficulty learning, marked limitations in daily activities, and marked limitations in her ability to interact. (Tr. 466). The ALJ fully considered this exam and opinion and properly gave Dr. Dubro's opinion little weight because it was inconsistent with Dr. Dubro's own exam, Plaintiff's mental exams throughout the period, and Plaintiff's conservative treatment history. (Tr. 36). *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion").

Plaintiff failed to carry her burden of establishing that she met Listing 12.04. Substantial evidence supports the ALJ's step three finding and the Court will not disturb this finding on review.

**B) Whether substantial evidence supports the ALJ's evaluation of Plaintiff's mental RFC.**

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because it does not sufficiently account for Plaintiff's mental limitations. (Doc. 21 p. 13). Plaintiff contends that even if Plaintiff's mental limitations did not meet the requirements for a listing, they should have still been included in the RFC. (Doc. 21 p. 13). Plaintiff argues that the ALJ's RFC finding parrots the findings of a Single Decision Maker, whose opinion does not constitute substantial evidence,

thereby requiring reversal. (Doc. 21 p. 14). In response, Defendant contends that substantial evidence supports the ALJ's RFC finding. (Doc. 22 p. 5-13).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Commissioner of Social Security*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Commissioner of Social Security*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that [she] is disabled, and consequently, [she] is responsible for producing evidence in support of her claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Here, the Court finds that substantial evidence supports the ALJ's mental RFC finding that Plaintiff was capable of performing simple and routine tasks. (Tr. 33-37). The ALJ supported his mental RFC finding when he discussed Plaintiff's treatment records, noting that Plaintiff was treated through her primary care physician who did not note significant abnormalities. (Tr. 35). Plaintiff's treatment records support the ALJ's finding. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (holding that a claimant's conservative treatment history supports the ALJ's decision). For example, in January, May, and November 2010, Plaintiff denied confusion, depression, excessive worry, nervousness, panic attacks, nightmares, insomnia, and suicidal thoughts. (Tr. 404, 406, 408). Likewise, in March 2011 and January 2012, the ALJ noted that Plaintiff again denied confusion, depression, excessive worry, nervousness, panic attacks, nightmares, insomnia, and suicidal thoughts. (Tr. 35, 409, 411). In April 2013, Plaintiff reported she was doing well on anti-anxiety medication with no adverse side effects and no increased stress. (Tr. 547). In June 2013, Plaintiff had no sadness, no excessive

worry, normal concentration, and no insomnia. (Tr. 548). Then in August 2013, Plaintiff had normal mood and affect on exam (Tr. 503).

Likewise, the record shows that in May 2014, Plaintiff's anxiety was well controlled with medication. (Tr. 554). In September 2014, the ALJ noted Plaintiff had normal mood and affect with normal behavior. (Tr. 35, 558). Again in December 2014, Plaintiff was negative for behavior problems and she had normal mood and affect on exam. (Tr. 561, 563). Later that month, Plaintiff was again cooperative with appropriate mood and affect. (Tr. 584). Although the ALJ found that Plaintiff's medical evidence revealed little limitations related to her mental functioning, the ALJ nevertheless gave Plaintiff the benefit of the doubt and limited her to simple, routine tasks in light of her subjective complaints. (Tr. 35). Accordingly, Plaintiff's medical examinations provide substantial evidence supporting the ALJ's RFC finding.

The ALJ further supported his RFC when he discussed Dr. Chapa's consultative exam and gave great weight to Dr. Chapa's opinion. (Tr. 36). The ALJ noted in his decision that Dr. Chapa performed a consultative exam in February 2013 during which Plaintiff alleged depression and anxiety. (Tr. 489). During the exam, Plaintiff was polite, articulate, and had an excellent memory. (Tr. 490). Dr. Chapa found Plaintiff only had situational and stable depression and anxiety related to her cancer diagnosis (Tr. 491). Dr. Chapa then opined that Plaintiff had no limitations related to her mental capacity. (Tr. 491). The ALJ properly considered this opinion and properly gave it weight because the opinion was consistent with Plaintiff's medical evidence and current exams. (Tr. 36). Accordingly, Dr. Chapa's opinion provides additional support for the ALJ's finding that Plaintiff could perform at least simple and routine tasks (Tr. 36).

The ALJ further discussed Plaintiff's activities, which provides additional support for his RFC finding. *See* 20 C.F.R. §§ 404.1527(c)(4). For example, Plaintiff was a full time student studying for an MBA in health care management. (Tr. 55). Her typical day consisted of doing schoolwork (Tr. 66)

and she had no problem with personal care. (Tr. 75). Plaintiff stated the reason she could not work were "purely physical issues" and she did not mention any psychological limitations. (Tr. 63, 66-67).

Further, the opinions of the state agency psychological experts provide additional support for the ALJ's RFC finding. (Tr. 89-93, 120-26). State agency consultants are highly qualified and experts in the Social Security disability programs; their opinions may be entitled to great weight. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). Their opinions may be entitled to greater weight than the opinions of treating or examining sources if they are supported by the evidence in the record. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1527(e)(2)(i), (iii). Michelle Butler, Psy. D., and Richard Wilens, Psy. D., independently reviewed the file and cited to the relevant evidence in May 2013 and March 2013. (Tr. 89, 120-21). Both doctors then opined that Plaintiff had the mental ability to perform work greater than the ALJ's RFC finding. (Tr. 93, 126). While the ALJ found Plaintiff was further limited based on her testimony, the state agency consultant's opinions provide additional support that Plaintiff could perform at least her RFC. (Tr. 37). Accordingly, substantial evidence supports the ALJ's RFC finding.

While Plaintiff contends that the ALJ should have adopted the opinion of Dr. Dubro, as discussed above, the ALJ properly discounted the opinion. The ALJ assigned Dr. Dubro's opinion little weight because it was inconsistent with Dr. Dubro's own exam, Plaintiff's mental exams throughout the period, and Plaintiff's conservative treatment history. (Tr. 35-36).

The Court also rejects Plaintiff's argument that the ALJ improperly relied on the opinion of an SDM. In his decision, the ALJ explicitly stated that he did not rely on the SDM decision stating that he was aware of the decision and gave it no weight because the SDM was not a medical source. (Tr. 37). In addition, the SDM in this case only assessed Plaintiff's physical condition and did not address Plaintiff's mental capability. (Tr. 90-92). As discussed above, two state agency psychological experts reviewed Plaintiff's mental capacity and those opinions support the ALJ's RFC finding. (Tr.

92-93,124-26). Thus, there is no indication that the ALJ improperly relied on the opinion of a SDM. Accordingly, Plaintiff's argument is meritless and substantial evidence supports the ALJ's decision.

As noted above, substantial evidence "is such relevant evidence as a reasonable person would accept as adequate support to a conclusion" and "[e]ven if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Substantial evidence supports the ALJ's RFC finding in this case and the Court will not disturb the ALJ's RFC finding on appeal.

### III.    Conclusion

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of Section 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 20, 2017.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties